United States v. Corral, Mr. Salerno. Good morning to the Honorable Court. I think in order to adequately assess the argument, we have to hone in on the issue. And the issue is whether the district court miscalculated the advisory guideline range, and therefore the sentence is unreasonable because the advisory guideline range was relied on by the court. In assessing the advisory guideline range, the court found a criminal history category of 4 instead of a 2, which is what the defendant argued, resulting in a range of 121 to 151 months, as opposed to 97 to 121 months. The argument brought forth by the defendant and by the appellant before this Honorable Court is that his criminal history was overrepresented. That's not a miscalculation, right? This is why we're confused. Go ahead. Yeah, that's not a miscalculation. That's a different kind of an argument, an argument that the correctly calculated range over-emphasizes or over-states the seriousness of his prior record which is sort of an argument in mitigation for 3553A. It's not an argument that the court miscalculated the guidelines. We need to understand exactly what you're arguing here. What I'm arguing is that in calculating the guidelines, if the criminal history category is overrepresented, then the guideline calculations are incorrect. No, that's not the way it works. Under the guidelines, certain convictions and sentences produce a certain score. Are you saying the score was erroneously calculated? Yes. Where? Well, it's erroneously calculated but not taken into account that the criminal history category is overrepresented. Okay. I think it's a pre-Booker versus a post-Booker argument. My position is it's a procedural malfunction in calculating the guidelines. Okay. It's not. What you're arguing for is either a downward departure because the properly calculated criminal history is overrepresentative. That's a long recognized, it happens a lot, right, because criminal history points are often quite arbitrary. But that's either a downward departure within the guideline system or you can argue it's a 3553A factor that merits a downward variation. But it's not a procedural error. Well, I believe it's a procedural error in the sense that pre-Booker, you made a motion for a downward departure because you were attempting to calculate the criminal history category. I think post-Booker, and I think in light of the guidelines have to be calculated. To simply say that the guidelines are correctly calculated because of the number of conviction an individual has does not overcome a procedural requirement to calculate the guidelines. My argument is that if the criminal history category is overstated, then the guideline calculation, the advisory guideline calculation range is erroneous. That sounds like an argument that you're entitled to a downward departure. And we've said over and over again post-Booker that that step in the process is obsolete. Yes, but that's not what I'm arguing. I'm arguing that the guidelines are miscalculated intrinsically. That can't possibly be the case. If he was given the number of points that the guidelines call for, then the guidelines were appropriately calculated, and you can argue that his history is overstated as a mitigation factor. Or pre-Booker, you could argue for a departure. Respectfully, I disagree in this sense. The guideline calculations are based upon the criminal history. If the criminal history category – Right, and he got the points that the guidelines says he's supposed to get. There's no disputing that, and you don't dispute that. I do dispute that. I dispute the fact that he – I understand what the court's saying. Where in your brief do you tell us that there is an error in criminal history calculation? I don't see it. What should his number have been, and what points was he given that he shouldn't have been given? I understand that the court's position is that you add up the criminal history category points, and that's a correct calculation, and that my argument is in the nature of a motion for a downward departure because I'm saying that it's overrepresented. But you don't make that motion anymore post-Booker. Well, you don't, and that's why I argued to the court. I said, I'm talking about a motion for a downward departure, but what I'm really arguing, as I told the district court, is it's intrinsic in the calculation of the guidelines because you have to have a criminal history – That's legally incorrect. There's no basis in the guidelines to make that argument. Well, the basis is that – issue a below-guidelines sentence because the range is inflated. But I don't think the range – Because of the seriousness of his record, but that's what you're left with post-Booker. I believe post-Booker, it's still a procedural argument intrinsic in the calculation of the guidelines. That's just legally wrong. Okay. I think that the court in Turner and in Miranda and in Barretts, in a sense, supports the position because the district court must calculate properly the guideline range, and the guideline range is based upon the calculation of the offense level and the criminal history category. And if the criminal history category is overstated, I think it's intrinsic in the calculation of the guidelines. But it's not. You're not telling us that the criminal history score is wrong. It's overrepresented. That's different. It's not incorrect. Why don't you just say that your argument is that because the judge miscalculated his criminal history, the judge gave him a more severe sentence than he would have if he had gotten the history right. Isn't that what you're saying? That is what I'm saying. But I guess the question is whether it's procedural or substantive. Well, who cares? I don't care. My argument is that it's miscalculated, that intrinsic in forming an advisory guideline. How serious was it? Because he does have a serious criminal history. What do you think is the mistake the judge made? I think the overrepresentation part involves a drinking offense at age 18, a track offense at age 18, an obstruction of justice at age 19, and a domestic battery, and it's consistent with the case law from the district courts and from this court. But do you think those were major influences? Well, they're major influences. In the judge's sentence? Yes, because it takes him from a Category 2 with three points for criminal history to a Category 4. Go ahead. It makes his advisory guideline range 97. Instead of 97 to 121, it makes it 121 to 151, and the court said that that's an advisory guideline range that's correct and assessed the sentence for 140 months within the advisory guideline. Where does the second-degree murder fit in? I agree that the second-degree murder should be counted. And you think that somebody with a second-degree murder conviction should be criminal history Category 2? Yes. That's what the guidelines say. All by itself. The same thing would be true, in fact, if it were a first-degree murder, right, just three points? Correct. And doesn't that strike you as a little underrepresentative? Not necessarily, but it could be. Right. That's why it's so arbitrary. Right. But in that situation, we wouldn't say that the guidelines were miscalculated. We would just say that he deserves a higher sentence. Under the 3553 factors. Right. But not under the advisory guideline range. The court would still say that it's an advisory guideline range. I know what you're saying. Right. You still haven't identified anything that was legally wrong with the points that were assessed here as the guidelines are written. I mean, the court applied the guidelines to a T, right? Right. No mistakes. Right. What I'm saying is, in calculating the advisory guideline range, the points were used. She gave the points that each conviction gets under the guidelines as they are written. Unless they're overrepresented. That's not a legal basis not to give them. No, I know. What's that? You're not understanding. My argument is. You can disagree with the points. You can say, oh, they shouldn't have given X points for this trivial offense. That's wrong. And the result, the sentence is too severe. But that's not quarreling over the accuracy of the points, right? Well, it is. It is. No, there are points even for these, you know, like the obstruction of justice. Right? There are points for them. Correct. Correct. But if they're overrepresented, then the points should not have counted. They should not have been used to prepare an advisory guideline. No, that's not what you're saying. The points are the points. The overall punishment could be too severe for all sorts of reasons having nothing to do with points. I've made both arguments. So you shouldn't fuss about the points. Okay. I've advanced both arguments. But that second-degree murder makes it seem as if this is a very, this should be, his criminal history should be weighted very heavily. The judge isn't bound by the points any more than the defendant is. He can say, look, someone with this history should have a very long sentence. I argued the facts of the attempt murder that he was charged with and convicted of, the mitigation and the facts surrounding that. In addition, I accepted that calculation of those points. And then I argued that his criminal history category, based on the other assessments, were incorrect. And that, of course, is wrong. Because the points are prescribed, right? You add them up. And then you can go on and argue that, you know, it's the sentence is not consistent with the statutory factors. You know, argue that. It's not points. Anyway, thank you, Mr. Smirnoff. So we'll hear from Mr. Palmore. Ms. Palmore, sorry. Good afternoon, Your Honors. May it please the Court. Jordan Palmore on behalf of the United States. In this case, the district court properly calculated the guidelines range, addressed all of defendant's arguments and mitigation, considered the 3553A factors, and sentenced the defendant to a presumptively reasonable within guideline sentence. Therefore, the district court committed no error in this case. Turning first to the guidelines, as Your Honors noted, the defendant didn't raise any objection to the calculation of either the offense level or the defendant's criminal history points. Both of those were accurate. Instead, here, what the defendant is arguing is that the district court should have sentenced him below the guidelines range because of his family circumstances and his allegedly minor criminal history. But the district court here addressed both of those arguments. With regard to the criminal history, the district court found that the defendant had committed crimes beginning at a young age and continued committing crimes into adulthood, that these weren't just minor crimes. They included convictions like second-degree murder. With regard to the defendant's family, the district court found that the defendant was able to make other arrangements for both the defendant's father and the defendant's son, and that the harm suffered by the family was no greater than the harm that would be suffered by any family who has a family member incarcerated. The district court also looked to the 3553A factors here, and the court found that this was a serious offense and one that impacted the community at what it called one of the greatest degrees of impact. It also looked to the defendant's background and found that the defendant's criminal history had escalated over time and that many of the offenses committed by the defendant involved elements of violence. The district court also found that there was a need for general deterrence here to prevent others in similar circumstances from committing these crimes. After considering all of these factors and the defendant's arguments, the district court sentenced the defendant to 140 months' imprisonment, which was within the guidelines range. Because the district court took all of the appropriate steps, followed the appropriate procedures, considered all of the defendant's arguments, the district court here committed no error. Thus, unless the court has any questions, I would ask that you affirm the district court's ruling. Okay, thank you, Ms. Palmer. Mr. Salerno, do you have anything further? Were you appointed? Well, thank you very much to both counsel, and the court will be in recess. Thank you.